Betty Ann WILLIAMS and Alan Ehrlich, as members of the official staff of the Honorable Alcee L. Hastings, and the Honorable Alcee L. Hastings, United States District Judge, Plaintiffs,

v.

Spencer D. MERCER, as Clerk of the United States Court of Appeals for the Eleventh Circuit; and the Honorable John C. Godbold, Chief Judge of the Eleventh Circuit, the Honorable Gerald B. Tjoflat and Frank M. Johnson, Jr., Judges of the United States Court of Appeals for the Eleventh Circuit, and the Honorable Sam C. Pointer, Jr. and William C. O'Kelley, Judges serving on United States district courts within the Eleventh Circuit, as members of a committee known as the Investigating Committee of the Judicial Council of the Eleventh Circuit, Defendants.

No. 85–1772–CIV–DAVIS.

United States District Court,
S.D. Florida.

May 31, 1985.

Terence J. Anderson, Coral Gables, Fla., for plaintiffs.

G. Stewart Webb, Jr., Baltimore, Md., John Doar, New York City, for defendants Investigating Committee.

## ORDER

WILKINS, District Judge.*

This case arises from investigative proceedings conducted pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (the Act), 28 U.S.C.A. § 372(c) (West Supp.1985). Because the parties needed an expedited resolution of the issues framed by Plaintiffs' Complaint and Motions for Emergency Relief, the Court conducted an emergency hearing on May 24, 1985 and issued an interim Memo-

* The Honorable William W. Wilkins, Jr., United States District Judge for the District of South Carolina, sitting by designation pursuant to 28 U.S.C.A. § 292(d) (West Supp.1985).

randum Opinion on that date. This order supplements the Memorandum Opinion filed May 24, 1985 and constitutes the final order of this Court.

A special investigating committee was appointed by the Chief Judge of the Eleventh Circuit Court of Appeals pursuant to the Act in March of 1983 to investigate allegations of "conduct prejudicial to the effective and expeditious administration of the business of the courts" concerning United States District Judge Alcee L. Hastings. § 372(c)(1), (4). Pursuant to its investigation, the committee requested the issuance of subpoenas seeking the appearance of present and former staff members of Judge Hastings and the production of certain documents and records. § 372(c)(9)(A). These subpoenas were issued by the Clerk of the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C.A. § 332(d)(1) (West Supp.1985). Plaintiffs objected to the validity and enforcement of these subpoenas in a complaint filed May 20, 1985.

Specifically, Plaintiffs attacked the subpoenas on the following grounds:

1. The subpoenas impinged upon privileged communications between Judge Hastings and members of his staff, and any documents or records in Judge Hastings' possession were immune from disclosure;

2. The section establishing the committee's subpoena powers, § 372(c)(9)(A), and the issuance and service provision of the Act, § 332(d)(1), are unconstitutional; and

3. The service of the subpoenas by agents of the FBI improperly impinged upon the confidentiality of the investigation.

Plaintiffs seek injunctive relief preventing the enforcement of the subpoenas, and a declaration that the subpoenas are invalid, the service of them improper, and the subpoena powers under the Act unconstitutional. Further, Plaintiffs seek the return of certain documents delivered pursuant to one of the subpoenas in question and protective injunctive relief regarding the use and disclosure of the documents.

On the morning of the hearing, Defendant Committee raised for the first time the issue of this Court's jurisdiction and moved to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(1). Because the subpoenas compelled the attendance of many interested persons on Monday, May 27, 1985, this Court felt it appropriate to address the jurisdictional issue as well as the merits of the Complaint. This approach was taken in an effort to avoid unnecessary delay in the event an appellate court should later rule that this court should have addressed the substantive issues raised by Plaintiffs.

## SUBJECT MATTER JURISDICTION

■ The Act clearly confers authority to issue subpoenas only upon the clerk of the court of appeals in which a complaint pursuant to the Act is filed. Section 372(c)(9)(A) provides the committee with full subpoena powers "as provided in Section 332(d) of this title." Section 332(d)(1) provides: "[e]ach council is authorized to hold hearings, to take sworn testimony, and to issue subpoenas and subpoenas duces tecum. Subpoenas and subpoenas duces tecum shall be issued by the clerk of the court of appeals, at the direction of the chief judge of the circuit...." No other court is granted the authority to issue subpoenas, specifically or implicitly. The court of appeals being the issuing body, it is therefore the appropriate body to which challenges to its subpoenas should first be made. A district court is without jurisdiction to entertain challenges to subpoenas issued pursuant to the Act without a specific reference from the court of appeals.

Defendant Committee's Motion to Dismiss is accordingly granted.

## COMPLAINT

■ Plaintiffs' assertions contained in Counts I, III and IV of the Complaint, which attacked the validity, enforceability and service of the subpoenas, are without merit. The subpoenas were issued and served pursuant to authority specifically provided under the Act. §§ 332(d)(1), 372(c)(9)(A). The exercise of this authority

offended no constitutional right, guarantee, or principle. *See Hastings v. Judicial Conference of the United States,* 593 F.Supp. 1371 (D.D.C.1984), *appeal docketed,* No. 84–5576 (D.C.Cir. Aug. 24, 1984). The Court notes that the constitutionality of the Act was upheld in *Hastings,* and accordingly dismisses the several articles which question the Act's constitutional validity as lacking in convincing merit. *E.g.,* Note, *Unnecessary and Improper: The Judicial Council's Reform and Judicial Conduct and Disability Act of 1980,* 94 Yale L.J. 1117 (1985). Further, the Court notes that the broad investigative authority of the committee has been thoroughly explored and found to include the power to compel the disclosure of the records of a federal grand jury proceeding. *In re Petition to Inspect and Copy Grand Jury Materials,* 576 F.Supp. 1275 (S.D.Fla.1983), *aff'd,* 735 F.2d 1261 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984).

Count II of the Complaint alleged that Judge Hastings' secretary, without his permission, delivered to an FBI agent copies of Judge Hastings' personal records, including appointment diaries, schedules, calendars, telephone message books and the like. It is alleged that these documents were turned over to the FBI agent in lieu of Judge Hastings' secretary's appearance before the committee pursuant to a subpoena. Plaintiffs seek an order preventing the committee from retaining, using, or disclosing the documents, and for their immediate return. Since the subpoena issued for these documents was proper and review of these documents falls within the extensive investigative powers of the committee, the relief requested should be denied.

Count V of the Complaint challenged the validity and enforceability of subpoenas requiring the attendance of five former staff members of Judge Hastings. These former staff members are not parties to the proceeding. While Plaintiffs' standing to raise this issue is questionable, these subpoenas are nevertheless likewise valid and enforceable.