**Hon. Alcee L. HASTINGS, Plaintiff,**

**v.**

**JUDICIAL CONFERENCE OF the UNITED STATES, et al., Defendants;**

**United States of America, Intervening Defendant.**

**Civ. A. No. 86–2353.**

United States District Court, District of Columbia.

Sept. 12, 1986.

Terence J. Anderson, Univ. of Miami Sch. of Law, Coral Gables, Fla., John W. Karr, William G. McClain, Karr, Lyons & Mc-Clain, Washington, D.C., Robert S. Catz, Cleveland Marshall Coll. of Law, Cleveland, Ohio, for plaintiff.

Brook Hedge, Sandra M. Schraibman, Harold J. Krent, Robert Chestnut, Dept. of Justice, Washington, D.C., John Doar, New York City, for defendants.

Brook Hedge, et al., Washington, D.C., for intervenor.

---

**MEMORANDUM**

GESELL, District Judge.

This is the latest in a series of cases brought by U.S. District Judge Alcee L. Hastings or on his behalf, raising procedural and constitutional claims to thwart or prevent an inquiry into his judicial behavior, initiated by the Judicial Council of the Eleventh Circuit acting on a complaint filed pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 331, 332, 372(c), 604 (1982) [hereinafter "the Act"]. Over a period of years these claims have been adjudicated adversely to Judge Hastings and on three occasions the Supreme Court of the United States has denied review of his constitutional claims.

The inquiry has progressed and is now in its final stages. On September 2, 1986, the Council certified to the Judicial Conference of the United States its determination that Judge Hastings

> has engaged in conduct which might constitute one or more grounds for impeachment under Article I of the Constitution, in that: (a) in an effort to avoid conviction on the charge of conspiracy to solicit and accept a bribe in exchange for a judicial act Judge Hastings engaged in obstruction of justice in preparing for and at trial and gave false sworn testimony at trial; and (b) Judge Hastings did in fact engage in such conspiracy.[1]

The Council is also submitting to the Conference a report prepared by the Council's investigating committee of judges, along with exhibits received and transcripts of testimony taken during the inquiry.

At this stage, Judge Hastings wishes to litigate again all aspects of his constitutional attack on the Act, and in the interim seeks a preliminary injunction to bar any action by the Conference formally certifying to the House of Representatives its concurrence in the determination of the Council or its own determination on mat-

---

**1.** Exhibit D to Supplemental Affidavit of Plaintiff in Support of Motion for Preliminary In-  junction, filed September 11, 1986, at 5.

ters raised by the Council.[2] The United States has intervened pursuant to 28 U.S.C. § 2403 (1982) and, along with counsel for the Council's investigating committee, has moved to dismiss and has opposed the motion for preliminary injunction. The Court has heard full oral argument, and has considered the extensive affidavits and briefs submitted.

■ The Conference has taken no action pursuant to the Act with respect to reviewing the certification from the Council, nor has it indicated what procedures, if any, it will follow before determining whether or not Judge Hastings' conduct may in its opinion warrant consideration of impeachment by the House of Representatives. Judge Hastings has not decided whether to request a hearing before the Judicial Conference. To date he has not been willing to assist with factual development of the issues. Accordingly, all issues sought to be raised as to procedures before the Conference are not ripe.

■ Moreover, all but one of Judge Hastings' other constitutional claims have been litigated and decided adversely to his present contentions in the course of his prior litigation. He is therefore prevented by well-established preclusion doctrine from asking this Court for another chance to address these matters.[3] Each claim is barred by final rulings in one or more of the following cases, in all of which Judge Hastings actively participated and was given a full opportunity to raise all presentable claims. In each case he personally, but

unsuccessfully, sought review by the Supreme Court on writ of certiorari: *In the Matter of Certain Complaints Under Investigation by an Investigating Committee of the Judicial Council of the Eleventh Circuit,* 783 F.2d 1488 (11th Cir.1986), *aff'g in part and rev'g in part on other grounds Williams v. Mercer,* 610 F. Supp. 169 (S.D.Fla.1985), *cert. denied sub nom. Hastings v. Godbold,* —— U.S. ——, 106 S.Ct. 3273, 91 L.Ed.2d 562 (1986) [hereinafter *"In the Matter of Certain Complaints"*];[4] *Hastings v. Judicial Conference of the United States,* 770 F.2d 1093 (D.C.Cir.1985), *aff'g in part and vacating in part* 593 F.Supp. 1371 (D.D.C.1984), *cert. denied* —— U.S. ——, 106 S.Ct. 3272, 91 L.Ed.2d 562 (1986); *In re Petition to Inspect and Copy Grand Jury Materials,* 735 F.2d 1261 (1984), *aff'g* 576 F.Supp. 1275 (S.D.Fla.1983), *cert. denied sub nom. Hastings v. Investigating Committee of the Judicial Council of the Eleventh Circuit,* 469 U.S. 889, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984).

The one constitutional claim not yet reviewed concerns Judge Hastings' contention, delineated primarily at oral argument, that Congress has no authority to require the Conference to certify to it any determination it may reach that consideration of impeachment may be warranted by the House of Representatives.[5] This issue is ripe, but it has no merit.

■ The certified determinations made by the Council or any developed by the Conference will in no way constitute factual findings that need be accepted by either

---

2. *See* 28 U.S.C. § 372(c)(8) (1982) ("If the Judicial Conference [determines] that consideration of impeachment may be warranted, it shall so certify and transmit the determination and record of proceedings to the House of Representatives for whatever action the House of Representatives considers to be necessary").

3. Under the doctrine of issue preclusion, or "collateral estoppel," Judge Hastings is precluded from raising issues that were actually and necessarily decided in litigation in which he was either a party or was privy to. Under the doctrine of claim preclusion, or "res judicata," he is prevented from raising any issues that were addressed or might have been addressed in previous litigation with the defendants named herein. *See, e.g., Migra v. Warren City School Dist.*

*Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); *see also* Memorandum of Defendants and Defendant-Intervenor, filed September 9, 1986, at 18–19, 28.

4. Judge Hastings' close involvement with this litigation is amply documented by John Doar's memorandum submitted on behalf of the Council in opposition to the preliminary injunction motion, filed September 10, 1986, at 2–5. *See also* Memorandum of Defendants and Defendant-Intervenor, filed September 9, 1986, at 29–35.

5. The opinion in *In the Matter of Certain Complaints* expressly refrained from ruling on this issue. *See* 783 F.2d at 1512.

branch of Congress or that bind Congress in any way. Impeachment proceedings are not automatic. In the event impeachment proceedings are initiated by the House of Representatives, these determinations may be considered or wholly ignored, as either house of Congress deems fit. Any certification of the Council or the Conference is merely informational, nothing more, to be granted only such weight as Congress in its wisdom wishes. The Judiciary is deciding nothing for Congress, which will completely control all aspects of any impeachment process. The Act must be so interpreted to preserve its constitutionality. Construed in this manner, the Act fully recognizes and protects the constitutional separation of powers.

It is suggested, however, that the behavior of a sitting federal judge is not a judicial matter and thus the powers granted the Federal Judiciary under the Act are constitutionally misplaced. Quite the opposite is the case. Congress has merely acted to facilitate the ability of the Judiciary to administer its own affairs and, as part of this effort, has indicated a method by which the Judiciary may bring to the attention of Congress information concerning a judge that may be of possible relevance to Congress's responsibilities under Article I of the Constitution. As prior opinions canvassing Judge Hastings' constitutional attacks have demonstrated, the general goal of strengthening the Federal Judiciary in this manner is entirely proper. Because any certification under the Act has only informational effect, no further constitutional issue is raised by the mandatory nature of the requirement that the Conference certify to the House of Representatives its determination that impeachment may be warranted.

Judge Hastings makes no suggestion that the report from the Council's investigating committee or the underlying record should be withheld from congressional scrutiny. Indeed, he urges public disclosure. Because no certification or determination under the Act has any legal effect whatsoever on Judge Hastings' rights in an impeachment proceeding, he will suffer no injury if the Conference eventually certifies some aspect of this matter to Congress. The public interest urgently requires that the protracted proceeding initiated under the Act continue to conclusion. There is no prospect of success on the merits.

Accordingly, no ground for interim relief has been shown and the motion for preliminary injunction is denied on the basis of the foregoing findings of fact and conclusions of law. The complaint is dismissed for failure to state a claim on which relief can be granted.